PER CURIAM.
This is an appeal from a final order adjudicating M.R.F., a child, dependent, and a non-final order placing custody of the minor with the minor’s sister. We affirm.
Here, the mother stipulated to the dependency of the child. She then requested a final hearing. The trial court, at that hearing, heard evidence from all parties, before following the recommendation of HRS. The court felt that the mother’s home would be inappropriate for several reasons. First of all, M.R.F. indicated that she was afraid to return there, for fear of being struck again. Also, the court was not impressed with the mother’s lifestyle: she had been cohabitating with her boyfriend for over two years at the time of the hearing and both of them consumed alcohol on a regular basis. The testimony indicated that the sister’s home was not perfect, but section 39.41(l)(a), Florida Statutes (1985), does not require custodial placement to be perfect, only suitable. The sister is a close relative, with her own home, an interest in the child, and an adequate income, which would be supplemented here by the child’s social security benefits. It was not demonstrated that her home would not be suitable. Therefore, because the trial court found the child’s sister was fit, ready, able and willing to be awarded custody, it was not an abuse of discretion to place the temporary care, custody and control of M.R.F. with her sister. This placement alternative is specifically authorized by the statute in question, section 39.41(l)(a), and since the placement is temporary, is not inconsistent with the goal of reunification found in section 409.-. 168(l)(b), Florida Statutes (1985). Under these circumstances we find no error in the trial court’s refusal to carry out the mother’s wishes and place M.R.F. in a foster home or with a state agency.
We would agree with appellee that appellant’s due process rights have not been violated. Appellant was given sufficient notice of the disposition hearing and an opportunity to participate in that hearing, an opportunity which she took advantage of.
AFFIRMED.
MILLS, SMITH and THOMPSON, JJ., concur.